■ In the Matter of SAM EISENHANDLER et al., Petitioners, v JOSEPH D'ELIA, as Commissioner of the Nassau County De-

partment of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of the Department of Social Services, dated July 19, 1984, which, after a fair hearing, affirmed a determination of the local agency denying petitioners' application for medical assistance.

Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and matter remitted to the respondent State Commissioner for a determination of the uncompensated value of the one-third interest in petitioners' daughter and son-in-law's home which was transferred to petitioner Rose Eisenhandler, and a redetermination of petitioners' available assets in accordance with Social Services Law § 366 (2).

Four days before she and her husband applied for medical assistance from the Nassau County Department of Social Services, petitioner Rose Eisenhandler withdrew $47,000 from a joint bank account and purchased a one-third interest in their daughter and son-in-law's house. The contract provided that Rose Eisenhandler would have a lifetime right to occupy the premises. Both the deed and contract were in Rose Eisenhandler's name only. Petitioners had lived in their daughter and son-in-law's house for some 12 years, paying a rent of $300 a month.

Petitioners' application for medical assistance was denied on the ground that Medicaid law presumes that any transfer of resources made within 24 months of the application was accomplished for the purpose of qualifying for assistance. A fair hearing was held at which two appraisals of the house were submitted: one for approximately $90,000, the other for $145,000.

The decision after fair hearing affirmed the local agency's denial of benefits but did not determine a value of the one-third interest purchased by Rose Eisenhandler. Social Services Law § 366 (5) provides in pertinent part:

"5. (a) In determining the initial or continuing eligibility of any person for assistance under this title, there shall be included in the amount of resources considered available to such person the uncompensated value of any nonexempt resource transferred within twenty-four months prior to the date of application for medical assistance.

"(b) For purposes of this subdivision:

"(1) a nonexempt resource shall mean any resource which if retained by such person would not be exempt from consideration under the provisions of subdivision two of this section:

"(2) any transfer of a nonexempt resource made within twenty-four months prior to the date of a person's application for medical assistance shall be presumed to have been made for the purpose of qualifying for such assistance; however, if such person furnishes evidence to establish that the transfer was exclusively for some other purpose, the uncompensated value shall not be considered available to such person in determining his or her initial or continued eligibility for medical assistance;

"(3) the uncompensated value of any such resource shall be the fair market value of such resource at the time of transfer, minus the amount of the compensation received by the person in exchange for the resource".

There is substantial evidence in the record to support respondents' contention that the transfer was made for the purpose of becoming eligible for assistance. Nevertheless, in order for a proper determination of petitioners' eligibility to be made under Social Services Law § 366 (2), the amount of compensation petitioners received for their expenditure must be computed pursuant to section 366 (5). Neither estimate of the value of the house was accepted or rejected by respondents, and no value was given for the one-third interest. Thus, we must remit the matter for a new determination.

Petitioners' application for attorney's fees under 42 USC § 1988 is denied because, on the instant facts, there has been no violation of 42 USC § 1983. Respondents have not applied a rule inconsistent with Federal law, but, rather, have failed to make sufficient determinations to permit our review of petitioners' eligibility. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.